IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAR-JAC POULTRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | **TO BE FILED UNDER SEAL** |
| | ) | |
| v. | ) | Case No. 03-2422 (RMC) |
| | ) | |
| RITA KATZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DR. M. YAQUB MIRZA'S DEPOSITION QUESTIONS AND RESPONSES AND REQUEST FOR STATUS CONFERENCE**

# ATTACHMENT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MAR-JAC POULTRY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **<u>TO BE FILED UNDER SEAL</u>** |
| | ) | |
| **v.** | ) | **Case No. 03-cv-2422 (RMC)** |
| | ) | |
| **RITA KATZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' ADDITIONAL DEPOSITION QUESTIONS TO DR. M. YAQUB MIRZA AND OBJECTIONS TO PLAINTIFF'S QUESTIONS**

DAVIS WRIGHT TREMAINE LLP
Laura R. Handman (D.C. Bar No. 444386)
Amber L. Husbands (D.C. Bar No. 481565)
1919 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006-3402
202-973-4200 / 202-973-4499 facsimile
*Attorneys for Rita Katz, the SITE Institute, and IG, LLC*

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
Lee Levine (D.C. Bar No. 343095)
Gayle Sproul (D.C. Bar No. 495965)
Thomas Curley (D.C. Bar No. 473798)
1050 Seventeenth Street, NW, Suite 800
Washington, D.C. 20036-5514
202-508-1100 / 202-861-9888 facsimile
*Attorneys for CBS Broadcasting Inc.*

## I. OBJECTIONS TO PLAINTIFF'S QUESTIONS

Defendants reserve the right to take the oral deposition of Dr. Mirza in the event that he does not assert his Fifth Amendment privilege with respect to any or all of the written questions put to him on the ground that Defendants' agreement to take Dr. Mirza's deposition pursuant to Fed. R. Civ. P. 31 is based on his counsel's express representation to Defendants and to the Court that he will in fact assert his Fifth Amendment privilege in response to all such questions. *See, e.g.,* Order at 1 (May 22, 2009) [Docket No. 219].

With regard to Plaintiff's Questions numbered I through IV, Defendants object that the questions are vague and ambiguous and that the questions are compound.

With regard to Plaintiff's Questions numbered 1 through 70, Defendants object that the questions are vague and ambiguous.

Defendants object to Plaintiff's declaration that it "reserves the right to submit further objections to the admission of any question . . . in connection with any motion, hearing or trial relating to this matter," Written Deposition Questions to Dr. M. Yaqub Mirza by Plaintiff and Objections to Defendants' Initial Question at 3, to the extent such reservation purports to include further objections to the form of any of Defendants' questions. Defendants reserve the right to submit further objections, except for objections to the form of a question, to any question or to the admission of any question and/or response to it in connection with any motion, hearing or trial relating to this matter.

## II. ADDITIONAL QUESTIONS TO DR. MIRZA

For Plaintiff's Questions numbered I through IV, Defendants submit the following additional questions:

Question I:

1. If you answered "no" to Question I, what steps did you take to ensure that no money from Mar-Jac Poultry, Inc. ("Mar-Jac") was or would be used to support, in any way, Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

2. If you answered "no" to Question I, what is the basis of your understanding that no money from Mar-Jac was or would be used to support, in any way, Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

3. If you answered "no" to Question I, have you established that no money from Mar-Jac was used to support, in any way, Al-Qaeda, Hamas or the Palestine Islamic Jihad?

4. If your answer to the previous question is "yes," what steps did you take to establish that no money from Mar-Jac was used to support, in any way, Al-Queda, Hamas or the Palestine Islamic Jihad?

5. If you answered "no" to Question I, has any person or entity to which Mar-Jac loaned or transferred money ever supported, in any way, Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

6. If you answered "no" to Question I, has any entity to which Mar-Jac donated money ever supported, in any way, Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

7. If you answered "no" to Question I, has any entity with which Mar-Jac shared common officers, trustees, or directors ever supported, in any way, Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

8. If you answered "no" to Question I, has any person or entity which has or had an ownership interest in Mar-Jac ever supported, in any way, Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

Question II:

9. If you answered "no" to Question II, what is the basis for your belief that Mar-Jac did not have any involvement in supporting, in any way, Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

10. If you answered "no" to Question II, have you established that Mar-Jac had no involvement in supporting, in any way, Al-Qaeda, Hamas or the Palestine Islamic Jihad?

11. If your answer to the previous question is "yes," what steps did you take to establish that Mar-Jac had no involvement in supporting, in any way, Al-Queda, Hamas or the Palestine Islamic Jihad?

12. If you answered "no" to Question II, has any person or entity to which Mar-Jac loaned money ever had any involvement in supporting, in any way, Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

13. If you answered "no" to Question II, has any entity to which Mar-Jac donated money ever had any involvement in supporting, in any way, Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

14. If you answered "no" to Question II, has any entity with which Mar-Jac shared officers, trustees, or directors ever had any involvement in supporting, in any way, Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

15. If you answered "no" to Question II, has any person or entity which has or had an ownership interest in Mar-Jac ever had any involvement in supporting, in any way, Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

Question III:

16. If you answered "no" to Question III, has Mar-Jac reported every donation, loan, transfer of money, or other financial transaction to which it was a party to the extent required by United States law?

17. If the answer to the previous question is "no," identify each such unreported donation, loan, transfer of money, or other financial transaction.

18. If you answered "no" to Question III, has each person or entity to which Mar-Jac loaned, donated or transferred money reported every such donation, loan, transfer of money, or other financial transaction to which it was a party to the extent required by United States law?

19. If the answer to the previous question is "no," identify each such person or entity and each such unreported donation, loan, transfer of money or other financial transaction.

20. If you answered "no" to Question III, has each person or entity to which Mar-Jac loaned, donated, or transferred money reported its "related entities" on its tax returns to the extent required by United States law?

21. If you answered "no" to Question III, has each person or entity which has or had an ownership interest in Mar-Jac reported every donation, loan, transfer of money or other financial transaction to which it was a party to the extent required by United States law?

22. If the answer to the previous question is "no," identify each such person or entity and each such unreported donation, loan, transfer of money or other financial transaction.

23. If you answered "no" to Question III, has Mar-Jac transferred any money to bank accounts located outside the United States?

24. If so, identify each such transfer.

25. If so, are any of those bank accounts located in countries that have laws protecting the secrecy of account information?

26. If you answered "no" to Question III, has any entity to which Mar-Jac loaned, donated or transferred money in turn transferred any money to bank accounts located outside the United States?

27. If so, identify each such transfer.

28. If so, are any of those bank accounts located in countries that have laws protecting the secrecy of account information?

29. If you answered "no" to Question III, has any person or entity who has or had an ownership interest in Mar-Jac transferred any money to bank accounts located outside the United States?

30. If so, identify each such transfer.

31. If so, are any of these bank accounts located in countries that have laws protecting the secrecy of account information?

32. If you answered "no" to Question III, has each person or entity who has or had an ownership interest in Mar-Jac reported its "related entities" on its tax returns to the extent required by United States law?

Question IV:

33. If you answered "no" to Question IV, are you aware that organizations to which Mar-Jac donated money were named as unindicted co-conspirators and/or joint venturers in the prosecution and conviction of the Holy Land Foundation ("HLF") for providing material support to Hamas? *See* Exhibits 60, 61, 62.[1]

34. If you answered "no" to Question IV, are you aware that Mar-Jac's owner, Safa Trust, wrote three checks bearing your signature made payable to HLF totaling $350,000? *See* Exhibit 10 at paragraph 85.

35. If you answered "no" to Question IV, are you aware that Mar-Jac's owner, SAAR Foundation, made donations and a loan to Sami-Al Arian? *See* Exhibits 10 and 32.

[1] Exhibit numbers refer to the exhibits filed with Defendants' Written Deposition Questions to Dr. Mirza on July 15, 2009.

36. Are you aware that Mr. Al-Arian pled guilty to engaging in a conspiracy to make and receive contributions of funds, goods or services to or for the benefit of Specially Designated Terrorists, namely, the Palestine Islamic Jihad? *See* Exhibit 55.

37. If you answered "no" to Question IV, what steps did you take to ensure that neither Mar-Jac nor any other organization with any ties to Mar-Jac ever had any association, financial or otherwise, with Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

38. If you answered "no" to Question IV, what is the basis of your understanding that neither Mar-Jac nor any other organization with any ties to Mar-Jac ever had any association, financial or otherwise, with Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

39. If you answered "no" to Question IV, have you established that neither Mar-Jac nor any other organization with any ties to Mar-Jac ever had any association, financial or otherwise, with Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

40. If your answer to the previous question is "yes," what steps did you take to establish that neither Mar-Jac nor any other organization with any ties to Mar-Jac ever had any association, financial or otherwise, with Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

41. If you answered "no" to Question IV, has any person or entity to which Mar-Jac loaned or transferred money ever had any association, financial or otherwise, with Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

42. If you answered "no" to Question IV, has any entity to which Mar-Jac donated money ever had any association, financial or otherwise, with Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

43. If you answered "no" to Question IV, has any entity with which Mar-Jac shared common officers, trustees, or directors ever had any association, financial or otherwise, with Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

44. If you answered "no" to Question I, has any person or entity which has or had an ownership interest in Mar-Jac ever had any association, financial or otherwise, with Al-Qaeda, Hamas, or the Palestine Islamic Jihad?

For Plaintiff's Questions numbered 1 through 70, Defendants submit the following additional questions:

For each person[2] you named in your responses to Plaintiff's Questions 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52, 54, 56, 58, 60, 62, 64, 66, 68, and 70:

45. What is his full name and current contact information?

46. How do you know him?

47. How long have you known him?

48. Name and describe every position he holds or has held with any corporation, nonprofit, or other entity identified in Defendants' Written Deposition Questions and for what period of time.

49. Is he or has he ever been a signatory on any accounts of any corporation, nonprofit, or other entity identified in Defendants' Written Deposition Questions?

50. If so, which entity, and for what period of time?

51. Name and describe every position he holds or has held with any corporation, nonprofit, or other entity of which you have ever been an employee, officer, director, or trustee and for what period of time.

52. Is he or has he ever been a signatory on any accounts of any corporation, nonprofit, or other entity of which you have ever been an employee, officer, director, or trustee?

53. If so, which entity, and for what period of time?

54. Describe each and every reason why you believe he could answer each of the identified questions, setting forth the basis of his knowledge.

55. What is the basis of your knowledge for your answer to Question 54?

56. To your knowledge, would he assert attorney-client privilege if he were deposed in this matter?

57. To your knowledge, would he assert his Fifth Amendment privilege if he were deposed in this matter?

58. Has it ever come to your attention that he is or has ever been a target of a criminal investigation by the United States government?

---

[2] Although the masculine pronoun is used for the sake of simplicity, masculine pronouns shall be understood to include the feminine gender.

59. If so, what is the basis of your knowledge for your answer to Question 58?

Dated: August 21, 2009

Respectfully Submitted,

/s/ Lee Levine
Lee Levine (D.C. Bar No. 343095)
Gayle Sproul (D.C. Bar No. 495965)
Thomas Curley (D.C. Bar No. 473798)
Levine Sullivan Koch & Schulz, L.L.P.
1050 Seventeenth Street, NW, Suite 800
Washington, D.C. 20036-5514
(202) 508-1100
(202) 861-9888 fax

*Attorneys for Defendant CBS Broadcasting Inc.*

/s/ Laura Handman
Laura R. Handman (D.C. Bar No. 444386)
Amber L. Husbands (D.C. Bar No. 481565)
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006-3402
(202) 973-4200
(202) 973-4499 fax

*Attorneys for Defendants Rita Katz, the SITE Institute, and IG, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 21st day of August 2009, a true and correct copy of the foregoing was served by hand delivery upon:

Lynne Bernabei, Esq.
Alan R. Kabat, Esq.
Bernabei & Wachtel, PLLC
1775 T Street, NW
Washington, D.C. 20009

and

Nancy Luque, Esq.
Daniel Marino, Esq.
Luque Geragos Marino LLP
910 Seventeenth Street, NW
Suite 800
Washington, D.C. 20006

/s/ Amber L. Husbands
Amber L. Husbands