**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MAR-JAC POULTRY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **TO BE FILED UNDER SEAL** |
| | ) | |
| **v.** | ) | **Case No. 03-2422 (RMC)** |
| | ) | |
| **RITA KATZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DR. M. YAQUB MIRZA'S DEPOSITION QUESTIONS AND RESPONSES AND REQUEST FOR STATUS CONFERENCE**

# ATTACHMENT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MAR-JAC POULTRY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **TO BE FILED UNDER SEAL** |
| **v.** | ) | |
| | ) | **Case No. 03-2422 (RMC)** |
| **RITA KATZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' ADDITIONAL DEPOSITION QUESTIONS**

**Maloy Jenkins Parker**
Wilmer Parker
*Admitted pro hac vice* (Ga. Bar No. 563550)
75 Fourteenth Street
25th Floor
Atlanta, Georgia 30309
404-875-2700/404-875-8757 (facsimile)
parker@mjplawyers.com
*Attorney for Mar-Jac Poultry, Inc.*

**Luque Geragos Marino LLP**
Nancy Luque
D.C. Bar No. 419757
Daniel Marino
D.C. Bar No. 416711
910 17th Street, N.W., Suite 800
Washington, D.C. 20006
202-223-8888/202-223-8677 (facsimile)
nluque@luquegeragos.com
dmarino@luquegeragos.com
*Attorneys for Mar-Jac Poultry, Inc.*

**Bernabei & Wachtel, PLLC**
Lynne Bernabei
D.C. Bar No. 938936
Alan Kabat
D.C. Bar No. 464258
1775 T Street, N.W.
Washington, D.C. 20009
202-745-1942/202-745-2627 (facsimile)
bernabei@bernabeipllc.com
kabat@bernabeipllc.com
*Attorneys for Mar-Jac Poultry, Inc.*

**Carter Ledyard & Milburn LLP**
John J. Walsh
*Admitted pro hac vice*
2 Wall Street
New York, NY 10005
212-238-8849/212-732-3232 (facsimile)
walsh@clm.com
*Attorney for Mar-Jac Poultry, Inc.*

**General Objections to Defendants' Additional Questions**

As to questions numbered 1 through 59 of Defendants' Additional Deposition Questions to Dr. M. Yaqub Mirza and Objections to Plaintiff's Questions, Plaintiff objects to the form; objects to multiple degrees of hearsay within the questions; objects to the questions being vague and ambiguous; objects to the questions being compound, complex and prolix; objects to the questions being premised on alleged facts not in evidence; objects as to the questions being argumentative and lacking in any foundation; and objects to each question to the extent that it calls for disclosure of attorney-client privileged information or protected attorney work-product. Plaintiff reserves its right to object to the admission of any responses to these questions based upon relevance and Rule 403, as well as any other appropriate objections to admissibility.

**SPECIFIC OBJECTIONS:**

Plaintiff hereby lists its specific objections to certain of Defendants' Additional Questions, by question number assigned by Defendants:

2. In addition to its General Objections, Plaintiff objects to this question as being vague and overly-broad, by not defining what is meant by the phrase "what is the basis."

3. In addition to its General Objections, Plaintiff objects to this question as being vague by not defining what is meant by the phrase "have you established."

4. In addition to its General Objections, Plaintiff objects to this question as being vague by not defining the phrase "to establish."

5. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

6. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

7. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

8. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

9. In addition to its General Objections, Plaintiff objects to this question as being vague and overly-broad, by not defining what is meant by the phrase "what is the basis."

10. In addition to its General Objections, Plaintiff objects to this question as being vague by not defining what is meant by the phrase "have you established."

11. In addition to its General Objections, Plaintiff objects to this question as being vague by not defining the phrase "to establish."

12. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

13. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

14. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

15. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

16. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

17. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

18. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

19. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

20. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

21. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

22. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

23. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

24. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

25. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

26. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

27. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

28. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

29. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

30. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

31. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

32. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

38. In addition to its General Objections, Plaintiff objects to this question as being vague and overly-broad, by not defining what is meant by the phrase "what is the basis."

39. In addition to its General Objections, Plaintiff objects to this question as being vague and overly-broad, by not defining what is meant by the phrase "have you established."

40. In addition to its General Objections, Plaintiff objects to this question as being vague and overly-broad, by not defining what is meant by the phrase "to establish."

41. . In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

42. . In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

43. . In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

44. . In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

55. In addition to its General Objections, Plaintiff objects to this question as being vague and overly-broad, by not defining what is meant by the phrase "what is the basis."

56. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

57. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

58. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

59. In addition to its General Objections, Plaintiff objects to this question as asking the witness to provide testimony on a subject for which no foundation has been established and asking him to speculate.

Dated September 4, 2009.

Respectfully submitted,

/s/Wilmer Parker

Wilmer Parker
Maloy Jenkins Parker
*Admitted pro hac vice* (Ga. Bar No. 563550)
75 Fourteenth Street
25th Floor
Atlanta, Georgia 30309
404-875-2700/404-875-8757 (facsimile)
parker@mjplawyers.com
*Attorney for Mar-Jac Poultry, Inc.*

/s/Nancy Luque

Nancy Luque
Luque Geragos Marino LLP
D.C. Bar No. 419757

Daniel Marino

Luque Geragos Marino LLP
D.C. Bar No. 416711
910 17th Street, N.W., Suite 800
Washington, D.C. 20006
202-223-8888/202-223-8677 (facsimile)
nluque@luquegeragos.com
dmarino@luquegeragos.com
*Attorneys for Mar-Jac Poultry, Inc.*

Lynne Bernabei
Bernabei & Wachtel, PLLC
D.C. Bar No. 938936

Alan Kabat
Bernabei & Wachtel, PLLC
D.C. Bar No. 464258
1775 T Street, N.W.
Washington, D.C. 20009
202-745-1942/202-745-2627 (facsimile)
bernabei@bernabeipllc.com
kabat@bernabeipllc.com
*Attorneys for Mar-Jac Poultry, Inc.*

John J. Walsh
Carter Ledyard & Milburn LLP
*Admitted pro hac vice*
2 Wall Street
New York, NY 10005
212-238-8849/212-732-3232 (facsimile)
walsh@clm.com
*Attorney for Mar-Jac Poultry, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 4th day of September 2009, a true and correct copy of the foregoing was served by electronic mail upon:

Laura R. Handman
Amber L. Husbands
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue N.W.
Suite 200
Washington, D.C. 20006-3402

/s/ Daniel Marino
Daniel Marino